UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Jodi Helmer,<br><br>   Plaintiff,<br>v.<br><br>Viking Collection Service, Inc.,<br>Julie Doe, and Cynthia Cashman,<br><br>   Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jodi Helmer is a natural person who resides in the City of Duluth, County of St. Louis, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and or a person with standing to bring a claim under the FDCPA as a person affected by a violation of it.

5. Defendant Viking Collection Service, Inc. (hereinafter "Defendant VCS") is a Minnesota corporation and a collection agency operating from an address of 7500 Office Ridge Circ #100, Eden Prairie, MN 55344 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Julie Doe (hereinafter "Doe") is a natural person who was employed at all times relevant herein by Defendant VCS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Cynthia Cashman (hereinafter "Cashman") is a natural person who was employed at all times relevant herein by Defendant VCS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On or around 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card account with Chase Bank USA.

9. Due to financial circumstances beyond Plaintiff's control, she was unable to keep up with her payments on this debt and it went into default with the original creditor.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Illegal Threats of Suit*

11. Sometime on or about August 13, 2008, Plaintiff received a call from Defendant Doe in an attempt to collect this debt, which was a "communication" in an effort to collect a consumer debt as that term is defined by 15 U.S.C. § 1692a(2).

12. During the course of this communication, Defendant Doe falsely told Plaintiff that she needed to pay this debt or she would be sued and her wages garnished.

13. Defendant Doe stated that Defendant VCS would sue Plaintiff, garnish her wages, and that she would lose her home as a result.

14. Defendant Doe also told Plaintiff that she was using "stall tactics" to avoid paying this debt.

15. Upon information and belief, Defendant Doe had earlier called Plaintiff's mother at home and demanded that she get a message to Plaintiff for "personal business."

16. Upon information and belief, Defendants never provided the notice required by 15 U.S.C. § 1692e(11) to Plaintiff's mother.

17. Defendants already had Plaintiff's home telephone number, home address, and cell number, and had no reason to contact any third party in an effort to obtain location information for Plaintiff.

18. Plaintiff feared that Defendants would sue her or take her to court for this debt as a result of these collection calls.

19. Since this call was made, the Defendants have not sued Plaintiff for this alleged debt despite the fact that they made this threat.

20. No one else has sued Plaintiff for this debt.

21. This was a false threat to sue Plaintiff or take her to court for this debt and a threat to take legal action that Defendants were not entitled to and did not intend to take.

22. These statements made by Defendant Doe scared Plaintiff and Defendant Doe used a loud and threatening tone of voice throughout this collection call.

23. These statements made by Defendant Doe were false, deceptive, harassing, oppressive and abusive, because Defendants had neither the right nor the present ability to sue the Plaintiff for this debt, and therefore these statements were communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *August 13, 2009 Apology from Defendants*

24. On or about August 13, 2008, Plaintiff called Defendant VCS and complained about the abusive manner in which Defendant Doe had treated her.

25. Defendant Cashman spoke to Plaintiff and apologized to Plaintiff for Defendant Doe's conduct, stating that these abusive collection tactics were unacceptable to Defendant VCS.

26. Defendant Cashman also stated that abusing consumers was not their policy and that Defendant VCS's collectors did not operate in this way.

27. Defendant Cashman identified herself as Defendant Doe's supervisor.

28. Defendant Cashman told Plaintiff that she had to pay the entire amount of this debt within 10 days, thereby illegally overshadowing Plaintiff's rights under the 30-day notice provisions of 15 U.S.C. § 1692g. et seq.

29. These statements made by Defendant Cashman were false, deceptive, harassing, oppressive and abusive, because Defendants had no right to demand payment within the 30-day validation period and therefore these statements were communications made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

### *August 22, 2008 Collection Call*

30. Sometime on or about August 22, 2008, Plaintiff received a call from Defendant Cashman in an attempt to collect this debt, which was a "communication" in an effort to collect a consumer debt as that term is defined by 15 U.S.C. § 1692a(2).

31. During this collection call, Defendant Cashman demanded payment for this debt.

32. Plaintiff stated that she did not have the funds to pay this debt.

33. Defendant Cashman stated that the debt had to be paid in full or that Defendants were going to have to take legal action against her.

34. Defendant Cashman asked Plaintiff whether or not she had ever had her wages garnished.

35. When Plaintiff offered to make payments on this account, Defendant Cashman refused and stated that the debt would have to be paid in full.

36. Thereafter, Plaintiff ended the call.

37. Plaintiff was really shaken by this collection call and felt betrayed by Defendant Cashman's sudden change of demeanor and tone, given that she had only recently apologized to Plaintiff for Defendant Doe's collection misconduct.

38. Defendant Cashman used a loud and threatening tone of voice throughout this collection call.

39. These collection communications made by Defendant Cashman to Plaintiff in an effort to collect this debt were false, harassing, oppressive, and abusive efforts to collect this alleged debt, and done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

### *Summary*

40. All of the above-described collection communications made to Plaintiff by these individual Defendants, and other collection employees employed by Defendant VCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above cited provisions, amongst others.

41. This series of abusive collection calls by Defendant VCS and its employees caused Plaintiff to at times cry and made her physically ill because of the emotionally abusive manner in which this debt was being collected by these Defendants.

42. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional

distress, fear, frustration, upset, humiliation, embarrassment, and insomnia, amongst other negative emotions.

43. Defendant VCS has previously had formal administrative action taken against it by the Minnesota Department of Commerce for violations of Minnesota collection laws and the FDCPA.

### *Respondeat Superior Liability*

44. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant VCS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant VCS.

45. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant VCS in collecting consumer debts.

46. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant VCS.

47. Defendant VCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

51. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 10, 2009          **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-1773
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                          **Attorney for Plaintiff**